Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
22 W. Washington Street, Suite 1500
Chicago, IL 60602
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
MONICA RIVARA

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

MONICA RIVARA,

       Plaintiff,

   v.

NATIONAL CHECK RECOVERY
SERVICES,

       Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

CV13- 00648 SJO(CWx)

**Case No.:**

**PLAINTIFF'S COMPLAINT**

### PLAINTIFF'S COMPLAINT

    Plaintiff, MONICA RIVARA ("Plaintiff"), through her attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, NATIONAL CHECK RECOVERY SERVICES ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

1

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367, and 15 U.S.C. §1692k (FDCPA).

4. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in the City of Los Angeles, Los Angeles County, California.

6. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*.

7. Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*.

9. Within the last year, Defendant sought to collect an alleged consumer debt from Plaintiff.

10. Defendant is a collection agency with a business office in Buffalo, Erie County, New York.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned a file

2

number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

17. Defendant's employee, Jerry Butler, communicated with Plaintiff in an attempt to collect a debt.

18. Defendant's employee, Jerry Butler, was working within the scope of his employment when he communicated with Plaintiff in an attempt to collect a debt.

19. Defendant's employee, Chris Wallace, communicated with Plaintiff in an attempt to collect a debt.

20. Defendant's employee, Chris Wallace, was working within the scope of his employment when he communicated with Plaintiff in an attempt to collect a debt.

### FACTUAL ALLEGATIONS

21. Defendant is attempting to collect an alleged debt owed to Check N Go, Account No. 157391, Defendant's Account No. 197778.

22. Plaintiff's alleged debt owed to Check N Go arises from transactions for personal,

family, and household purposes.

23. Starting in the beginning of 2012, Defendant began to place collection calls to Plaintiff on Plaintiff's cell phone at 714-757-7643.

24. Plaintiff spoke with Defendant's collectors, Jerry Butler and Chris Wallace, on multiple occasions.

25. Defendant's collectors, Jerry Butler and Chris Wallace, both threatened Plaintiff with legal action.

26. Defendant's collectors, Jerry Butler and Chris Wallace, told Plaintiff, "if you don't pay this bill we will take you to court."

27. Despite having Plaintiff's cell phone number, and speaking with Plaintiff on Plaintiff's cell phone, Defendant placed collection calls to Plaintiff at Plaintiff's place of employment.

28. Defendant called Plaintiff at Plaintiff's employment on at least two occasions.

29. On at least one occasion, Defendant left a message for Plaintiff on Plaintiff's voicemail at work.

30. Defendant's voicemail message for Plaintiff failed to disclose the caller's identity.

31. Defendant's voicemail message for Plaintiff failed to state that the communication was from a debt collector.

32. Plaintiff entered into a payment plan with Defendant and paid Defendant one payment of $200.00.

33. Plaintiff intended on paying off the balance with Defendant, however, Defendant continued to harass Plaintiff despite the payment plan agreement.

34. Despite the payment plan agreement, Defendant constantly and continuously placed

4

collection calls to Plaintiff on Plaintiff's cell phone.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

35. Defendant violated the FDCPA based on the following:

a.  Defendant violated $§1692d$ of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

b.  Defendant violated $§1692d(5)$ of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

c.  Defendant violated $§1692d(6)$ of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

d.  Defendant violated $§1692e$ of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt.

e.  Defendant violated $§1692e(5)$ of the FDCPA by threatening to take legal action against Plaintiff even though Defendant has not and does not intend to take such action.

f.  Defendant violated $§1692e(10)$ of the FDCPA by using deceptive means in an attempt to collect a debt.

g.  Defendant violated $§1692e(11)$ of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

WHEREFORE, Plaintiff, MONICA RIVARA, respectfully requests judgment be entered against Defendant, NATIONAL CHECK RECOVERY SERVICES, for the following:

36. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

5

37. Costs and reasonable attorney's fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

38. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

40. Defendant violated the RFDCPA based on the following:

   a. Defendant violated *§1788.11(b)* of the RFDCPA by placing telephone calls without disclosure of the caller's identity.

   b. Defendant violated *§1788.11(d)* of the RFDCPA by causing Plaintiff's telephone to ring repeatedly and continuously so as to annoy Plaintiff.

   c. Defendant violated *§1788.11(e)* of the RFDCPA by communicating with Plaintiff with such frequency that was unreasonable and constituted harassment.

   d. Defendant violated the *§1788.13(j)* of the RFDCPA by falsely representing that legal proceedings have been or are about to be instituted unless Plaintiff pays her alleged consumer debt.

   e. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

WHEREFORE, Plaintiff, MONICA RIVARA, respectfully requests judgment be entered against Defendant, NATIONAL CHECK RECOVERY SERVICES, for the following:

41. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

6

42. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

43. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  December 26, 2012          AGRUSS LAW FIRM, LLC

By: _____

Michael S. Agruss
Attorney for Plaintiff
MONICA RIVARA

7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV13- 648 SJO (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
22 W. Washington Street, Suite 1500
Chicago, IL 60602
Tel: 312-224-4695 Fax: 312-253-4451
michael@agrusslawfirm.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA RIVARA | CASE NUMBER |
| PLAINTIFF(S) | CV13-00648 SJO(Wx) |
| v. | |
| NATIONAL CHECK RECOVERY SERVICES | |
| | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S):

    A lawsuit has been filed against you.

    Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Michael S. Agruss_____, whose address is _22 W. Washington St., Suite 1500, Chicago, IL, 60602 Tel: 312-224-4695_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

**JULIE PRADO**

Dated: _____ JAN 30 2013 _____    By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)               **SUMMONS**

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MONICA RIVARA

**DEFENDANTS**
NATIONAL CHECK RECOVERY SERVICES

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael S. Agruss (SBN: 259567); AGRUSS LAW FIRM, LLC
22 W. Washington Street, Suite 1500 Tel: 312-224-4695
Fax: 312-253-4451 michael@agrusslawfirm.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION  *(Place an "X" in One Box Only)*

| | |
|---|---|
| ❑ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ❑ 2  U.S. Government Defendant | ❑ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT  *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - Product Liability | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 400 State Reapportionment |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | ❑ 367 Health Care/ Pharmaceutical | | | ❑ 410 Antitrust |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ❑ 430 Banks and Banking |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | Product Liability | | ❑ 820 Copyrights | ❑ 450 Commerce |
| ❑ 151 Medicare Act | ❑ 340 Marine | ❑ 368 Asbestos Personal Injury Product | | ❑ 830 Patent | ❑ 460 Deportation |
| ❑ 152 Recovery of Defaulted Student Loans | ❑ 345 Marine Product Liability | Liability | | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| (Excl. Veterans) | ❑ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 355 Motor Vehicle Product Liability | ❑ 370 Other Fraud | ❑ 710 Fair Labor Standards Act | ❑ 861 HIA (1395ff) | ❑ 490 Cable/Sat TV |
| ❑ 160 Stockholders' Suits | ❑ 360 Other Personal Injury | ❑ 371 Truth in Lending | ❑ 720 Labor/Mgmt. Relations | ❑ 862 Black Lung (923) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 190 Other Contract | ❑ 362 Personal Injury - | ❑ 380 Other Personal Property Damage | ❑ 740 Railway Labor Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 890 Other Statutory Actions |
| ❑ 195 Contract Product Liability | Med. Malpractice | ❑ 385 Property Damage Product Liability | ❑ 751 Family and Medical Leave Act | ❑ 864 SSID Title XVI | ❑ 891 Agricultural Acts |
| ❑ 196 Franchise | | | ❑ 790 Other Labor Litigation | ❑ 865 RSI (405(g)) | ❑ 893 Environmental Matters |
| | | | ❑ 791 Empl. Ret. Inc. | | ❑ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Security Act | **FEDERAL TAX SUITS** | ❑ 896 Arbitration |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | ❑ 510 Motions to Vacate Sentence | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 220 Foreclosure | ❑ 441 Voting | **Habeas Corpus:** | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 950 Constitutionality of State Statutes |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 530 General | | | |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 535 Death Penalty | **IMMIGRATION** | | |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 540 Mandamus & Other | ❑ 462 Naturalization Application | | |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | ❑ 550 Civil Rights | ❑ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ❑ 448 Education | ❑ 555 Prison Condition | ❑ 465 Other Immigration Actions | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN  *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ❑ 2 Removed from State Court | ❑ 3 Remanded from Appellate Court | ❑ 4 Reinstated or Reopened | ❑ 5 Transferred from another district *(specify)* | ❑ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:
❑ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❑ Yes   ☒ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE
12/26/2012

SIGNATURE OF ATTORNEY OF RECORD

CV13-00648

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____